GRIFFIN, J.
Appellant, Kareem Brown [“Brown”], appeals the- order of the trial court revoking his probation and sentencing him to the Department of Corrections for 8.3 years. He urges that the evidence offered by the State failed to establish a willful and substantial violation.
*1086 Brown was placed on probation on March 27, 2002, for the offense of sexual battery on a former girlfriend. The sentence included a five-year mandatory sex offender probationary sentence. As a term of probation, condition 30 provided:
Unless otherwise indicated in the treatment plan provided by the sexual offender treatment program, a prohibition on viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, computer services that are relevant to the offender’s deviant behavior pattern.
Brown had a good record for the entire three years he was on probation. However, on January 19, 2005, Robert Cox [“Cox”], Brown’s probation officer, conducted what was apparently a routine policy compliance search of Brown’s residence. Brown, who lived with his wife of four years and five children, was employed and was not at home at the time of the search. Concealed beneath Brown’s mattress in his bedroom, Cox located three DVD’s that were of an obscene or pornographic nature. Brown later admitted that he knew the pornographic DVD’s were under the mattress but said that he had confiscated them from his stepson’s room and had failed to dispose of them.
Jacqueline Brown, Brown’s wife, testified that appellant had found the DVD’s in the room of their son, Sean, and had given them to his wife, who put them under the mattress until she could dispose of them. She knew that, as a condition of sex offender probation, Brown could not have any sexually explicit materials in the house. Sean testified that the DVD’s were given to him by a friend. Sean was at home when Cox found the DVD’s and asked Cox what would happen if the DVD’s were either his or his brother’s. He then told Cox the DVD’s belonged to his brother.
The court determined that Brown violated his probation. Even taking at face value the family’s testimony that the DVD’s found in Brown’s bed were not his, the court could properly find that Brown had violated probation by taking the pornographic DVD’s from his son’s room and failing to dispose of them. We find no error in the trial court’s determination that to continue to possess these materials was a willful and substantial violation.
This is a hard case because Brown had no prior violations of probation in the years since he was sentenced, was successfully employed and was part of an intact family. Brown’s probation officer did not oppose reinstatement of probation for this violation and the trial judge was also willing, provided the State agreed. But the State insisted on a guidelines prison sentence. We find no reversible judicial error.
AFFIRMED.
PALMER and EVANDER, JJ., concur.